■ MARY D'AMATO, Respondent, v ROBERT STOMBOLI et al., Appellants. [695 NYS2d 579] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated October 16, 1998, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict that the plaintiff had not suffered a significant or permanent injury within the meaning of Insurance Law § 5102 (d), and ordered a new trial as to damages.

Ordered that the order is affirmed, with costs.

As a result of a motor vehicle accident on October 15, 1993, involving the plaintiff and the defendants, the plaintiff allegedly sustained, *inter alia*, a torn meniscus of the left knee

which caused the knee to buckle frequently and created a degenerative arthritic condition.

Contrary to the defendants' contention, the determination of the jury that the plaintiff had not suffered a significant or permanent injury within the meaning of Insurance Law § 5102 (d) was not based upon any fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498; *Nicastro v Park,* 113 AD2d 129, 134). The plaintiff testified that she experienced significant pain in her knee and that it buckled frequently, preventing her from engaging in activities she had enjoyed in the past. Her orthopedic surgeon testified that the torn meniscus could not be repaired even with surgery, that arthritis was the likely result of the loss of the meniscus, and that surgery would not necessarily relieve the pain which the plaintiff suffered. On this record, the jury could not fairly conclude that there was neither significant nor permanent injury within the meaning of Insurance Law § 5102 (d). Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.