■ DENISE GROSSMAN et al., Respondents, v TOWN OF HEMPSTEAD et al., Appellants. [717 NYS2d 650] —In an action to recover damages for personal injuries, etc., the defendants appeal from so much of an order of the Supreme Court, Nassau County (Ort, J.), dated February 1, 2000, as, after a jury trial on the issue of damages, granted that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict as against the weight of the evidence with regard to the third interrogatory propounded to the jury.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied in its entirety, the verdict is reinstated, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment dismissing the complaint.

After a trial on the issue of damages, the jury returned a verdict in favor of the defendants finding that the plaintiff Denise Grossman had not sustained either a permanent consequential limitation of use of a body organ or member, a significant limitation of use of a body function or system, or a medically-determined injury or impairment of a non-permanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment. The Supreme Court granted that branch of the plaintiffs' motion pursuant to CPLR 4404 (a) which was to set aside the verdict as against the weight of the evidence on the issue of whether Grossman sustained a medically-determined injury or impairment of a non-permanent nature, and ordered a new trial on that issue only.

The Supreme Court improperly set aside a portion of the verdict as against the weight of the evidence. It is well settled that a verdict in favor of the defendants should not be set aside unless the evidence preponderates so heavily in the plaintiffs' favor that the verdict could not have been reached on any fair interpretation of the evidence (*see, Keegan v Prout,* 215 AD2d 629, 630; *Nicastro v Park,* 113 AD2d 129, 134). Grossman, a group manager at a department store, testified that she was able to do office work at her job within two months of the accident and resumed some of her regular floor duties within three months of the accident. She was also able to perform many of her household chores within two months of the accident. The testimony adduced from the plaintiffs established a basis from which the jury could conclude that Grossman did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Hausman v Gourville,* 248 AD2d 674; *Crane v Richard,* 180 AD2d 706; *Grotzer v Levy,* 133 AD2d 67). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.