■ DOMINIC SCICUTELLA, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. [732 NYS2d 25] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated June 14, 2000, which denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendants and for a new trial on the issue of damages.

Ordered that the order is affirmed, with costs.

A verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (see, Lolik v Big V Supermarkets, 86 NY2d 744, 746; Lenhart v City of New York, 249 AD2d 516). Moreover, great deference should be given to a jury's determination, particularly in negligence actions where the verdict is in favor of the defendant (see, Gray v McParland, 255 AD2d 359). The plaintiff's own testimony that he returned to work the day after he was injured and continued working without missing a day until his surgery more than six months later was sufficient to support the jury's unanimous finding that his injuries did not "prevent [him] from performing substantially all of the material acts which constituted [his] usual and customary daily activities for not less than 90 days during the 180 days immediately following the [accident]" (Grossman v Town of Hempstead, 278 AD2d 366, 367). Furthermore, the defen-

dants' expert witness testified that, upon conducting medical tests, he "found no limitation of motion on [the plaintiff's] right shoulder whatsoever." Accordingly, the jury was entitled to conclude that the plaintiff's injuries were not permanent, had not resulted in a "significant limitation" and, consequently, were not "serious" within the meaning of Insurance Law § 5102 (d). Accordingly, the Supreme Court properly denied the plaintiff's motion to set aside the jury verdict and for a new trial on the issue of damages (*see, Lenhart v City of New York, supra*). Bracken, P. J., Luciano, Feuerstein and Adams, JJ., concur.