■ Martin Candia, Respondent, v Omonia Cab Corporation et al., Appellants. [775 NYS2d 546]—

In an action to recover damages for personal injuries, the defendant David O. Correia appeals, and the defendants Omonia Cab Corporation and Alexandre Gabarev separately appeal, from a judgment of the Supreme Court, Kings County (Held, J.), entered March 12, 2003, which, upon a jury verdict on the issue of liability finding the defendant David O. Correia 90% at fault in the happening of the accident and the defendants Omonia

Cab Corporation and Alexandre Gabarev 10% at fault in the happening of the accident, and upon a jury verdict on the issue of damages awarding the plaintiff damages in the sums of $75,000 for past pain and suffering and $250,000 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $325,000.

Ordered that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, and the complaint is dismissed.

The plaintiff brought this action to recover damages for personal injuries which he allegedly sustained in a rear-end collision involving his vehicle, a vehicle owned and operated by the defendant David O. Correia, and a vehicle owned by the defendant Omonia Cab Corporation (hereinafter Omonia) and operated by the defendant Alexandre Gabarev. At trial, the plaintiff presented evidence that he injured his cervical spine and lumbar spine in the accident. The jury returned a verdict finding that Correia, and Omonia and Gabarev, were negligent and that their negligence was a proximate cause of the accident. The verdict apportioned fault 90% to Correia and 10% to Omonia and Gabarev. The jury also concluded that the plaintiff sustained a permanent loss of use of a body organ, member, function, or system, and awarded him damages. A judgment was entered in favor of the plaintiff. On appeals by Correia, and Omonia and Gabarev, we reverse the judgment and dismiss the complaint.

At trial, the plaintiff failed to establish a prima facie case that he sustained a permanent loss of use of a body organ, member, function, or system, since he did not suffer a total loss of use of his cervical spine or lumbar spine (*see Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]). Further, the plaintiff failed to establish a prima facie case with respect to the three other categories of serious injury submitted to the jury. In accordance with the trial court's instruction, once the jury determined that the plaintiff sustained a permanent loss of use of a body organ, member, function or system, it did not consider the remaining categories of serious injury submitted for their consideration. The plaintiff's evidence was insufficient with respect to the so-called "90/180 day" category, as he testified that he returned to work, albeit for partial shifts as a cab driver, within about two months of the accident, and his only resulting limitation was his inability to drive his cab for a full shift (*see Scott v Hing Chee Leung,* 287 AD2d 612 [2001]; *Scicutella v Town of Hempstead,* 287 AD2d 611 [2001]; *Grossman v Town of Hempstead,* 278 AD2d 366 [2000]; *DiPalma v Villa,* 237 AD2d 323 [1997]). Nor did he establish a prima facie case that he had

sustained a "permanent consequential limitation of use of a body organ or member" or a "significant limitation of use of a body function or system." Although the plaintiff's expert physician testified that the plaintiff sustained two bulging discs as a result of the accident, and had a 33% restriction of different cervical spine movements, he never "explained the objective medical tests he performed to support his determination" (*Duldulao v City of New York*, 284 AD2d 296, 297 [2001]; *see Ersop v Variano*, 307 AD2d 951, 952 [2003]; *Delpilar v Browne*, 282 AD2d 647, 648 [2001]; *Merisca v Alford*, 243 AD2d 613, 614 [1997]). Further, there was no objectively-diagnosed injury to the plaintiff's lumbar spine. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.