■ CELIA C. LIAO et al., Appellants, and DUH-JIN LIAO, Also Known as JUDY LIAO, et al., Appellants-Respondents, v JOAN M. FESTA, Respondent-Appellant. [794 NYS2d 905]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Glover, J.), dated May 20, 2004, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither the plaintiff Celia C. Liao nor the plaintiff Duh-Jih Liao, also known as Judy Liao, sustained a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, the cross motion of the plaintiff/counterclaim-defendant, Celia C. Liao, to dismiss the counterclaim, inter alia, for indemnification.

Ordered that the appeals by the plaintiffs James Chang and Shih Ming Liao are dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff/counterclaim defendant-appellant, Celia C. Liao, and the plaintiff Duh-Jin Liao, also known as Judy Liao; and it is further,

Ordered that one bill of costs is awarded to the defendant/counterclaim plaintiff-respondent, payable by the plaintiff/counterclaim defendant-appellant, Celia C. Liao, and the plaintiff Duh-Jin Liao, also known as Judy Liao.

The defendant/counterclaim plaintiff Joan M. Festa (hereinafter Festa) made a prima facie showing that neither the plaintiff/counterclaim defendant Celia C. Liao nor the plaintiff Duh-Jih Liao, also known as Judy Liao (hereinafter the plaintiffs), sustained a serious injury as a result of the subject accident (*see* Insurance Law 5102 [d]; *Meely v 4 G's Truck Renting Co.*, 16 AD3d 26, 30 [2005]; *Paul v Trerotola*, 11 AD3d 441 [2004]; *Grossman v Wright*, 268 AD2d 79, 84-85 [2000]). In opposition to the defendant's motion for summary judgment, the plaintiffs limited their claim to the "90/180" category of serious injury (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357 [2002]). However, the plaintiffs failed to submit competent medical evidence demonstrating that they were unable to perform substantially all of their daily activities for not less than 90 of the 180 days immediately following the accident because of "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]; *see Toure v Avis Rent A Car Sys.*,

*supra* at 357; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 52 [2005]; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]; *Jackson v New York City Tr. Auth.,* 273 AD2d 200, 201 [2000]; *DiNunzio v County of Suffolk,* 256 AD2d 498, 499 [1998]; *Traugott v Konig,* 184 AD2d 765, 766 [1992]). The records of the plaintiffs' expert, Dr. Jing Deng, did not constitute competent proof on this issue because they were not affirmed. The purported "AFFIRMA-TION[S]" by Dr. Jing Deng did not meet the requirements of CPLR 2106 (*see Bourgeois v North Shore Univ. Hosp. at Forest Hills,* 290 AD2d 525, 526 [2002]). Accordingly, the Supreme Court properly granted the defendant's motion.

Since the counterclaim was contingent on a recovery by one or more of the plaintiffs, the Supreme Court correctly denied, as academic, the cross motion to dismiss the counterclaim when it dismissed the complaint. Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.