■ YOUSAF KASIM et al., Appellants, v MICHAEL DEFRETIAS et al., Respondents. [813 NYS2d 521]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings

County (Hubsher, J.), dated October 19, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Yasmin Alibocas is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order is modified by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Samira Kasim and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the complaint is reinstated insofar as asserted by the plaintiff Samira Kasim.

While the defendants' examining orthopedist set forth in his affirmed medical reports range of motion findings concerning the respective cervical and lumbar spines of the plaintiffs Yousaf Kasim, Samir Kasim, and Samira Kasim (hereinafter the plaintiffs), he never compared those ranges of motion to the normal range of motion. Such proof alone is insufficient to establish a lack of serious injury (*see Baudillo v Pam Car & Truck Rental, Inc.,* 23 AD3d 420 [2005]; *Manceri v Bowe,* 19 AD3d 462 [2005]; *Aronov v Leybovich,* 3 AD3d 511 [2004]). As the defendants failed to adduce any other proof demonstrating the absence of serious injury as to the plaintiff Samira Kasim, the defendants failed to meet their initial burden as to that plaintiff (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *cf. Gaddy v Eyler,* 79 NY2d 955 [1992]) and we need not consider whether the plaintiffs' papers were sufficient to raise a triable issue of fact as to that plaintiff (*see Facci v Kaminsky,* 18 AD3d 806 [2005]; *Rich-Wing v Baboolal,* 18 AD3d 726 [2005]).

However, the defendants submitted deposition testimony which showed that the plaintiff Yousaf Kasim resumed his duties in the military service of the United States without any impairments and limitations, and that the plaintiff Samir Kasim engaged in a rigorous weight-lifting regimen without any impairment or limitation of motion. Such proof, coupled with the medical proof submitted by the defendants, indicated that each of those plaintiffs had a full range of motion (without establishing the norms of such range) and was sufficient to establish, prima facie, that the plaintiffs Yousaf Kasim and Samir Kasim did not sustain any permanent injury or a *"significant* limitation of use of a body function or system" (Insurance Law

§ 5102 [d] [emphasis added]). The proof in opposition submitted on behalf of the plaintiffs Yousaf Kasim and Samir Kasim was insufficient to raise an issue of fact. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.