Desiree Squires, Respondent, v Nicole M. Mumphery et al., Appellants. [828 NYS2d 449]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated April 4, 2006, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was to dismiss the complaint insofar as asserted against the defendants Budget Rent-a-Car, Inc., and Avis Rent a Car System, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

On the evening of July 24, 2003 a motor vehicle operated by the plaintiff was struck from behind by a motor vehicle operated by the defendant Nicole M. Mumphery. After the plaintiff commenced the instant action, the defendants moved for summary judgment dismissing the complaint insofar as asserted against the defendants Budget Rent-a-Car, Inc., and Avis Rent a Car, Inc. (hereinafter collectively the corporate defendants), on the ground that neither of them owned the offending vehicle at the time of the accident. In the second branch of their motion, the defendants sought summary judgment dismissing the complaint as to all the defendants, based on the alleged failure of the plaintiff to have sustained a serious injury within the meaning of Insurance Law § 5102 (d).

In support of the first branch of the motion, the defendants submitted a certified New York State vehicle title record which showed that the current owner of the offending vehicle, as of May 5, 2003, was an entity known as PV Holding Corp. This evidence established a prima facie case that neither of the corporate defendants owned the aforesaid motor vehicle at the time of the accident (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). Notably, the plaintiff failed to address this ground for dismissal in opposition to the motion or on this appeal. Moreover, the record does not present any issues of fact on this matter (*see* CPLR 3212 [b]).

While the evidence presented by the defendants established a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the evidence submitted by the plaintiff in opposition to the motion demonstrated that, as a consequence of the accident, she suffered a

torn meniscus of the right knee, which prevented her from engaging in activities in which she had previously participated. This evidence raised a triable issue of fact as to whether she sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]; *see Pollas v Jackson,* 2 AD3d 700, 701 [2003]) as a result of the accident. Accordingly, the defendant Nicole M. Mumphery was not entitled to summary judgment dismissing the complaint insofar as asserted against her. Schmidt, J.P., Santucci, Lifson and Covello, JJ., concur.