**44** GIOVANNI PARENTE, Appellant, v TALWINDER S. KANG et al., Respondents. [831 NYS2d 430]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated January 19, 2006, which granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The Supreme Court properly determined that the defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d)

as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 46 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury. The affirmation of the plaintiff's treating physician was without probative value in opposing the defendants' cross motion as it did not meet the requirements of CPLR 2106 (*see Liao v Festa*, 18 AD3d 448, 449 [2005]; *Mezentseff v Ming Yat Lau*, 284 AD2d 379, 379-380 [2001]). The remaining medical submissions of the plaintiff, which amounted to unaffirmed reports of other medical personnel who treated the plaintiff, were equally without probative value (*see Hernandez v Taub*, 19 AD3d 368 [2005]; *cf. Bycinthe v Kombos*, 29 AD3d 845, 845 [2006]). In the absence of objective evidence of injury, the plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether he sustained a serious injury as a result of the subject accident (*see Ramirez v Parache*, 31 AD3d 415, 416 [2006]; *Fisher v Williams*, 289 AD2d 288, 289 [2001]).

The plaintiff's remaining contention has been rendered academic in light of our determination. Crane, J.P., Santucci, Dillon and Balkin, JJ., concur.