◼ ROBERT COOPER, Appellant, v LI CONSTRUCTION, INC., et al., Respondents. [845 NYS2d 454]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Martin, J.), dated March 13, 2006, which granted the respective motions of the defendants LI Construction, Inc., and Hernan E. Zelaya, and the defendant Bruce I. Vanacour for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The Supreme Court properly determined that the defendants made a prima facie showing that the plaintiff did not sustain either a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident or the exacerbation of a preexisting injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Kearse v New York City Tr. Auth., 16 AD3d 45, 46 [2005]). In his affirmed medical report, the orthopedist retained by the defendants LI Construction, Inc., and Hernan E. Zelaya found that the plaintiff's range of motion was normal in his cervical and lumbosacral spines, as well as in his left knee, right shoulder, and right wrist. Moreover, an MRI report prepared by the plaintiff's own physician, upon which the defendants also relied in support of their motion, indicated that, while there existed a "[m]ild, diffuse disc bulge at C5-C6," it "does not appear to be impinging on the cord or nerve roots and should not be causing symptoms." In opposition, the medical evidence submitted by the plaintiff failed to raise a triable issue of fact (see Parente v Kang, 37 AD3d 687 [2007]).

Accordingly, the defendants' motions for summary judgment were properly granted. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.