■ EDGAR H. CAMACHO, Respondent, v JOHN H. DWELLE, III, et al., Appellants. [863 NYS2d 754]—

In an action to recover damages for personal injuries, the defendants Elmer Rivas and Norman Castro appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated October 25, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant John H. Dwelle, III separately appeals, as limited by his brief, from so much of the same order as denied his separate motion for the same relief.

Ordered that the order is reversed, on the law, with one bill of costs payable to the defendants appearing separately and filing separate briefs, and the defendants' motions for summary judgment dismissing the complaint are granted.

The plaintiff was involved in a motor vehicle accident in November 2004 on the Brooklyn-Queens Expressway in Brooklyn. He subsequently instituted this action to recover damages for the resulting personal injuries.

After issue was joined, the defendants Elmer Rivas and Norman Castro moved for summary judgment, contending that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant John H. Dwelle, III separately moved for the same relief, in reliance on the same medical evidence submitted by Rivas and Castro. The movants established, prima facie, that the plaintiff's injuries were not serious through the affirmed medical report of a physician who examined him and concluded that he had a normal neurological evaluation (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Contrary to the plaintiff's contention, since he did not allege in his complaint or bill of particulars that he injured his right shoulder in the subject motor vehicle accident, and did not move for leave to amend the bill of particulars to assert such an allegation, the defendants' physician was not required to examine that part of the plaintiff's body (see Sharma v Diaz, 48 AD3d 442 [2008]). Furthermore, by submitting the plaintiff's deposition testimony that he missed only 15 days of work as a result of the accident, the defendants demonstrated that the plaintiff was able to perform "substantially all" of the material acts constituting his customary daily activities for more than 90 days of the first 180 days subsequent to the accident (Insurance

Law § 5102 [d]; *see Bartley v Trans Car & Limo, Inc.*, 41 AD3d 624 [2007]).

The only admissible medical evidence that the plaintiff submitted in opposition to the separate motions, an affirmed report prepared by Dr. Mark Kostin, failed to raise a triable issue of fact (*see* CPLR 3212 [b]). As Dr. Kostin did not examine the plaintiff until almost three years after the accident, neither he nor the plaintiff proffered competent medical evidence of initial range-of-motion restrictions contemporaneous with the accident (*see Lea v Cucuzza*, 43 AD3d 882 [2007]). In addition, the plaintiff could not rely upon the unsworn, unaffirmed medical reports cited by Dr. Kostin in his affirmed report (*see Friedman v U-Haul Truck Rental*, 216 AD2d 266 [1995]).

Accordingly, the Supreme Court should have granted the defendants' motions for summary judgment dismissing the complaint. Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.