In an action to recover damages for dental malpractice, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 17, 2007, which denied his motion for leave to renew his prior motion for summary judgment dismissing the complaint, which had been denied in an order of the same court entered October 9, 2007.
Ordered that the order entered December 17, 2007, is reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the defendant’s motion for leave to renew is granted, and, upon renewal, the original determination in the order entered October 9, 2007, denying the defendant’s motion for summary judgment dismissing the complaint is adhered to.
In an order entered October 9, 2007, the Supreme Court denied the defendant’s motion for summary judgment dismissing the complaint on the ground that he failed to meet his prima facie burden because the expert affirmations upon which he relied did not comply with CPLR 2106 and did not constitute competent evidence (see Liao v Festa, 18 AD3d 448 [2005]; Mezentseff v Ming Yat Lau, 284 AD2d 379 [2001]; Moore v Tappen, 242 AD2d 526, 527 [1997]; see also Parente v Kang, 37 AD3d 687 [2007]). However, in support of his motion for leave to renew, the defendant offered the new affirmations of his *715 experts which were properly affirmed under the penalties of perjury, thereby correcting his inadvertent procedural error. Thus, the Supreme Court improvidently exercised its discretion in denying the motion for leave to renew (see DeLeonardis v Brown, 15 AD3d 525, 526 [2005]; Wester v Sussman, 304 AD2d 656 [2003]; Puntino v Chin, 288 AD2d 202 [2001]; Lauer v Rapp, 190 AD2d 778 [1993]).
Nevertheless, upon renewal, the original determination in the order entered October 9, 2007, denying the defendant’s motion for summary judgment dismissing the complaint, should have been adhered to. In opposition to the defendant’s prima facie showing of entitlement to judgment as a matter of law (see Singh v Boodhoo, 17 AD3d 345 [2005]; Stancavage v Mirman, 309 AD2d 918 [2003]), the affirmation of the plaintiffs undisclosed expert was sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 327 [1986]; Fileccia v Massapequa Gen. Hosp., 63 NY2d 639 [1984]; Anderson v Lamaute, 306 AD2d 232, 233-234 [2003]). The undisclosed expert recited specific facts in the medical records upon which that expert’s opinion was based (see Anderson v Lamaute, 306 AD2d at 234). The conflicting medical expert opinions present a triable issue of fact as to whether the failure to administer antibiotics in the situation presented was a deviation from accepted practice in dentistry (see Graham v Mitchell, 37 AD3d 408, 409 [2007]; Feinberg v Feit, 23 AD3d 517, 519 [2005]; Shields v Baktidy, 11 AD3d 671, 672 [2004]; Barbuto v Winthrop Univ. Hosp., 305 AD2d 623, 624 [2003]; Halkias v Otolaryngology-Facial Plastic Surgery Assoc., 282 AD2d 650 [2001]). Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.