■ ERROL LAYNE, Respondent, v IVAN DROUILLARD et al., Appellants. [885 NYS2d 540]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated December 18, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants' examining doctors set forth, in their affirmed medical reports, that the plaintiff had a full range of motion in his cervical and lumbar

spine based on objective range of motion tests, wherein the numerical findings were compared to what is normal. In addition, the defendants submitted deposition testimony of the plaintiff showing that the plaintiff resumed his duties as a New York City police officer, passed medical and physical examinations, and attended the police academy to become a police officer in another jurisdiction. During this time, the plaintiff engaged in rigorous activities which included running, sit-ups, and push-ups (see *Kasim v Defretias*, 28 AD3d 611 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Santucci, Leventhal and Lott, JJ., concur.

Spolzino, J.P. (dissenting and voting to affirm the following order appealed from with the following memorandum in which Angiolillo, J., concurs): I disagree. "[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Where the submissions in support of the motion themselves raise a triable issue of fact, summary judgment must be denied (see *Hwa Soon Um v Hoi Ku Yang*, 63 AD3d 686 [2009]; *Robinson v Yeager*, 62 AD3d 684 [2009]; *Locke v Buksh*, 58 AD3d 698, 699 [2009]). In my view, that is precisely the situation presented here.

The defendants rely in support of their motion on the reports of two physicians who examined the plaintiff on their behalf. Each found that the plaintiff had a normal range of lateral motion in his lumbar spine. They did so, however, on the basis of different factual findings as to the extent of the plaintiff's range of motion and different expert opinions as to what is normal. Dr. Rafiy found that the plaintiff had a lateral range of motion in his lumbar spine of 45 degrees and that 45 degrees was normal. Dr. Zhou found that the plaintiff had a range of motion of 25 degrees in his lumbar spine and that 25 degrees was normal.

Contrary to the majority's conclusion, these reports do not demonstrate the absence of issues of fact. If Dr. Rafiy is correct that the plaintiff's range of motion is 45 degrees and Dr. Zhou is correct that 25 degrees is normal, the defendant has failed to establish that the plaintiff does not have a serious injury. In fact, the defendant's experts agreed only on the conclusion that the plaintiff's range of motion was normal. A conclusory statement that a plaintiff did not sustain a serious injury, however, is

insufficient to sustain summary judgment dismissing the complaint for lack of serious injury (*see Landman v Sarcona*, 63 AD3d 690 [2009]; *Powell v Prego*, 59 AD3d 417, 419 [2009]).

The evidence which the majority cites with respect to the plaintiff's employment and the ability to engage in physical activity which that employment involves may well defeat the plaintiff's claim at trial. On a motion for summary judgment, however, the moving party can prevail only upon establishing its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In the absence of proof as to the results of the specific medical examinations to which the plaintiff was subjected and the specific activities in which he engages as a police officer, the defendant has not met that burden here.

As a result, the defendants' motion here was properly denied. I therefore dissent, respectfully.