■ MAUREEN KUPERBERG, Respondent, v JOAN MONTALBANO, Appellant. [899 NYS2d 344]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered August 14, 2009, which granted the plaintiff's motion for summary judgment on the issue of liability and denied her cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the defendant's cross motion for summary judgment dismissing the complaint is granted, and the plaintiff's motion for summary judgment is denied as academic.

On November 12, 2007, a motor vehicle being operated by the defendant made contact with the plaintiff, a pedestrian, in the parking lot of a shopping center in Bayshore. After receiving treatment at the emergency room of Franklin Hospital later on the day of the occurrence, the plaintiff did not receive any ad-

ditional treatment for her alleged injuries, until January 22, 2008, 71 days later, when she was treated by Timothy Reish, an orthopedist. On or about April 2008, the plaintiff commenced the present action, alleging that, as a result of the contact with the defendant's motor vehicle, she sustained a torn rotator cuff in her right shoulder.

After joinder of issue, the plaintiff moved for summary judgment on the issue of liability, and the defendant cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d 712 [2009]). The defendant's evidence, which included, inter alia, an X-ray report prepared in the emergency room on the day of the occurrence and a magnetic resonance imaging (hereinafter MRI) report prepared by the plaintiff's own radiologist with regard to an MRI of the plaintiff's right shoulder performed in January 2008, indicated that she suffered from a preexisting degenerative disorder in her right shoulder. The affirmed report prepared by the defendant's radiologist, Dr. Jessica Berkowitz, which the defendant also submitted in support of her cross motion, indicated that Dr. Berkowitz had reviewed the foregoing MRI and found that it revealed no evidence of acute traumatic injury to the plaintiff's right shoulder. Moreover, at her deposition, the plaintiff acknowledged that she had not missed any time from her part-time job as a result of the accident and continued to take trips to Florida every 2 1/2 weeks, as she had done prior to the accident. The plaintiff's alleged injuries did not prevent her from performing "substantially all" of the material acts constituting her customary daily activities during at least 90 out of the first 180 days following the accident (*see Sanchez v Williamsburg Volunteer of Hatzolah, Inc.*, 48 AD3d 664, 665 [2008]).

The admissible medical evidence submitted by the plaintiff in opposition to the cross motion failed to raise a triable issue of fact (*see* CPLR 3212 [b]). The plaintiff failed to proffer any objective medical evidence that revealed the existence of a significant limitation in her right shoulder that was contemporaneous with the subject accident (*see Rivera v Bushwick Ridgewood Props., Inc.*, 63 AD3d at 713). Based upon the record before it, the Supreme Court should have granted the defendant's cross

motion for summary judgment and denied as academic the plaintiff's motion for summary judgment on the issue of liability. Santucci, J.P., Angiolillo, Leventhal and Lott, JJ., concur.