■ DONNA BYRNES, Appellant, v DIMITRA K. WOJTOWICZ et al., Respondents. [931 NYS2d 897]—

The defendants met their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that, as a result of the subject accident, the cervical and lumbosacral regions of her spine sustained certain injuries, and the defendants provided competent medical evidence establishing, prima facie, that those injuries did not constitute serious

injuries within the meaning of Insurance Law § 5102 (d) (*see Layne v Drouillard*, 65 AD3d 1197 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). Furthermore, while the plaintiff also alleged that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), the defendants established, prima facie, that she did not sustain such an injury.

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.