In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated August 10, 2011, as, upon renewal, in effect, vacated its prior order dated May 19, 2011, which denied the defendants’ motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and thereupon granted the defendants’ motion.
Ordered that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court’s determination, upon re *1011 newal, that the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]), albeit for different reasons. The plaintiff alleged that she suffered, inter alia, injuries to the cervical, thoracic, and lumbar regions of her spine as a result of the accident. Contrary to the plaintiff’s contention, and the Supreme Court’s finding, the report from the defendants’ examining neurologist, Dr. Maria DeJesus, was sufficient to satisfy the defendants’ prima facie burden as to the alleged injuries to the regions, even though Dr. DeJesus did not review the plaintiffs medical records, since she performed objective tests showing full range-of-motion in the regions of the plaintiff’s spine (see e.g. DeJesus v Paulino, 61 AD3d 605, 607 [2009]; see also Staff v Yshua, 59 AD3d 614 [2009]; Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff relied on the medical report of her treating radiologist, Dr. Linda Harkavy, based on an examination. This report, while in admissible form, merely revealed the existence of a disc bulge at L3-4, and a “tiny . . . disc protrusion” at L4-L5. The mere existence of a bulging disc, in the absence of objective evidence as to the extent of the alleged physical limitations resulting from that injury and their duration, is not evidence of serious injury (see Scheker v Brown, 91 AD3d 751, 752 [2012]).
Accordingly, upon renewal, the Supreme Court properly, in effect, vacated its prior order dated May 19, 2011, denying the defendants’ motion for summary judgment dismissing the complaint, and thereupon properly granted the motion. Skelos, J.E, Dickerson, Hall, Roman and Cohen, JJ., concur.