■ ALEKSANDER MASTER et al., Respondents, v STEPHAN BOIA-KHTCHION et al., Appellants. [996 NYS2d 116]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated July 18, 2013, which denied their motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' examining orthopedist set forth, in her affirmed medical reports, that the plaintiff Aleksandr Master (hereinafter Aleksandr) had a full range of motion in the cervical and lumbar regions of his spine, and the plaintiff Natalya Master (hereinafter Natalya) had a full range of motion in the cervical region of her spine and right knee, based on objective range of motion tests, wherein the numerical findings were compared to what is normal (*see Layne v Drouillard*, 65 AD3d 1197 [2009]). Furthermore, the defendants submitted the deposition testimony of each of the plaintiffs, which showed that they both returned to work full time immediately after the accident (*see McIntosh v O'Brien*, 69 AD3d 585, 587 [2010]; *Knox v Lennihan*, 65 AD3d 615 [2009]; *Sanchez v Williamsburg Volunteer of Hatzolah, Inc.*, 48 AD3d 664, 665 [2008]).

In opposition, the plaintiffs raised a triable issue of fact through the affirmed medical reports of their examining osteopath, and the affirmations and medical reports of their radiologist, as to whether Aleksandr sustained a serious injury to the cervical and lumbar regions of his spine, and whether Natalya sustained a serious injury to the cervical region of her spine and right knee, under the significant limitation of use and/or permanent consequential limitation of use categories of Insurance Law § 5102 (d) (*see Lopez v Senatore*, 65 NY2d 1017, 1020 [1985]). The plaintiffs' examining osteopath conducted recent examinations of the plaintiffs, during which she observed range-of-motion limitations, reviewed their magnetic resonance imaging reports and other medical reports, and considered the history of the accident presented by the plaintiffs, and concluded that the injuries were permanent and causally related to the subject accident.

We have not considered the evidence that was improperly submitted to the Supreme Court by the defendants for the first

time with their reply papers (*see Agha v Alamo Rent A Car*, 35 AD3d 639, 640 [2006]; *Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416, 417 [2003]; *Klimis v Lopez*, 290 AD2d 538 [2002]). Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.