■ DAVE DELACRUZ, JR., Appellant, v STENNETH L. BONNIE, Respondent, et al., Defendant. [38 NYS3d 270]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBella, J.), entered March 31, 2015, as granted the motion of the defendant Stenneth L. Bonnie for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Stenneth L. Bonnie for summary judgment dismissing the complaint insofar as asserted against him is denied.

The defendant Stenneth L. Bonnie (hereinafter the defendant) met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbosacral region of the plaintiff's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Master v Boiakhtchion*, 122 AD3d 589, 590 [2014]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbosacral region of his spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Accordingly, the Supreme Court should have

denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him. Leventhal, J.P., Maltese, Barros and Connolly, JJ., concur.