Marc E. Larrieux, an Infant by His Father and Natural Guardian, Marc Larrieux, and Marc Larrieux, Individually, Respondents,
against
Edward Persaud, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered June 18, 2015. The order denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is reversed, without costs, and defendant's motion for summary judgment dismissing the complaint is granted. 
This action was commenced to recover for personal injuries allegedly sustained by Marc E. Larrieux, an infant, in a motor vehicle accident, and for Marc Larrieux's loss of his son's services. Defendant moved for summary judgment dismissing the complaint on the grounds that Marc E. Larrieux did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that Marc Larrieux's derivative claim is thus barred. The Civil Court denied defendant's motion.
Defendant met his prima facie burden of showing that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), including a serious injury under the 90/180-day category, as a result of the accident at issue (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). Defendant submitted, among other things, a verified bill of particulars which alleges that the infant plaintiff had been confined to his bed for approximately two weeks and to his home for approximately six weeks (see e.g. Strenk v Rodas, 111 AD3d 920 [2013]; Camacho v Dwelle, 54 AD3d 706 [2008]). There is no merit to plaintiffs' argument, raised only in their respondents' brief, that the affirmation of defendant's orthopedist was not in admissible form (see CPLR 2106).
Contrary to the determination of the Civil Court, plaintiffs failed to raise a triable issue of fact in opposition to defendant's motion. In an affirmed medical report, the infant plaintiff's neurologist stated that, following a recent examination, he measured full ranges of motion in the infant plaintiff's spine. As the neurologist reported no objective findings and diagnosed the infant plaintiff only with right knee pain, the infant plaintiff's subjective complaints of pain were insufficient to establish the existence of a serious injury (see Dantini v Cuffie, 59 AD3d 490 [2009]). The unaffirmed report of the infant plaintiff's examining physician lacked probative value (see Grasso v Angerami, 79 NY2d 813 [1991]). In any event, the report merely stated that there were decreased ranges of motion in examined areas and failed to quantify any such [*2]limitation or provide a qualitative assessment (see Jean v Labin-Natochenny, 77 AD3d 623 [2010]). Furthermore, the infant plaintiff failed to provide an explanation for the approximately six-year gap in his treatment (see Pommells v Perez, 4 NY3d 566 [2005]; Milosevic v Mouladi, 72 AD3d 1036 [2010]). Consequently, plaintiffs failed to meet their burden in opposing defendant's showing of prima facie entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557 [1980]).
Accordingly, the order is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
Solomon, J.P., Weston and Elliot, JJ., concur.
Decision Date: December 07, 2016