**Hidoyatov v S & G Motors, Inc.**

2021 NY Slip Op 34196(U)

August 4, 2021

Supreme Court, Kings County

Docket Number: Index No. 525416/2018

Judge: Carl J. Landicino

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

KINGS COUNTY CLERK
FILED
2021 AUG 17 AM 9:46

PRESENT:

CARL J. LANDICINO, J.S.C.

-------------------------------------------------------------x

AMIR HIDOYATOV,

*Plaintiff,*

- against -

S & G MOTORS, INC. and
HARMANPREET SINGH,

*Defendants.*

-------------------------------------------------------------x

At an IAS Term, Part 81 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 4th day of August 2021.

Index No.: 525416/2018

DECISION AND ORDER

Motion Sequence #1

**Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:**

Papers Numbered (NYSCEF)
Notice of Motion/Cross Motion and
Affidavits (Affirmations) Annexed............................................................. 14-20,
Opposing Affidavits (Affirmations)........................................................... 35-40, 49
Reply Affidavits (Affirmations)................................................................. 42

Upon the foregoing papers, and after oral argument, the Court finds as follows:

This action concerns a motor vehicle accident that occurred on April 21, 2018. The Plaintiff, Amir Hidoyatov (hereinafter the "Plaintiff"), alleges in his Complaint that on that date he suffered personal injuries while riding his bicycle, after he was struck by a motor vehicle owned by Defendant S&G Motors, Inc. and operated by Defendant Harmanpreet Signh (hereinafter the "Defendants"). The accident apparently occurred on Ocean Parkway at its intersection with Avenue C in Brooklyn, N.Y. The Plaintiff was approximately 28 years old at the time of the accident. The Plaintiff claims in his Verified Bill of Particulars (See Defendant's Motion Exhibit B, Paragraph 10), that he sustained a number of serious injuries, *inter alia*, injuries to his right knee, leading to surgery of his right knee, cervical spine and lumbar spine. The Plaintiff also alleges (See Defendant's Motion Exhibit B, Paragraph 20) that he suffered "a

1

[* 1]

disabling injury for a period in excess of 90 out of the first 180 days following this occurrence…" ("90/180 claim").

The Defendants move (motion sequence # 1) for an order pursuant to CPLR 3212, granting summary judgment and dismissing the complaint on the ground that none of the injuries allegedly sustained by the Plaintiff meet the "serious injury" threshold requirement of Insurance Law 5102(d). In support of this application, the Defendant relies on the deposition of the Plaintiff and the reports of Dr. Dana A. Mannor and Dr. Darren Fitzpatrick.

The Plaintiff opposes the motion and argues that it should be denied. The Plaintiff contends that the Defendants have failed to meet their *prima facie* evidentiary showing, since the Defendants fail to properly address the Plaintiff's injuries to his right knee, that the Plaintiff contends warranted surgery. The Plaintiff also contends that the Defendants have failed to meet their burden as it relates to the Plaintiff's "90/180 claim." The Plaintiff finally contends that even assuming, *arguendo*, that the Defendants have met their *prima facie* burden, there are issues of fact that are raised by the Plaintiff's Doctors.

It has long been established that "[s]ummary judgment is a drastic remedy that deprives a litigant of his or her day in court, and it 'should only be employed when there is no doubt as to the absence of triable issues of material fact.'" *Kolivas v. Kirchoff*, 14 AD3d 493 [2d Dept 2005], *citing Andre v. Pomeroy*, 35 N.Y.2d 361, 364, 362 N.Y.S.2d 131, 320 N.E.2d 853 [1974]. The proponent for the summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate absence of any material issues of fact. *See Sheppard-Mobley v. King*, 10 AD3d 70, 74 [2d Dept 2004], *citing Alvarez v. Prospect Hospital*, 68 N.Y.2d320, 324, 508 N.Y.S.2d 923, 501 N.E.2d 572 [1986]; *Winegrad v. New York Univ. Med. Ctr.,* 64 N.Y.2d 851, 853, 487 N.Y.S.2d 316, 476 N.E.2d 642 [1985].

2

[* 2]

Once a moving party has made a *prima facie* showing of its entitlement to summary judgment, "the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Garnham & Han Real Estate Brokers v Oppenheimer*, 148 AD2d 493 [2d Dept 1989]. Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers. *See Demshick v. Cmty. Hous. Mgmt. Corp.*, 34 AD3d 518, 520, 824 N.Y.S.2d 166, 168 [2d Dept 2006]; *see Menzel v. Plotnick*, 202 AD2d 558, 558–559, 610 N.Y.S.2d 50 [2d Dept 1994].

## *Insurance Law § 5102(d)*

In support of their motion (motion sequence #1), the Defendants proffer the affirmed medical reports from Dr. Dana A. Mannor who conducted an orthopedic medical examination of Plaintiff on November 7, 2019, (more than 16 months after the accident). In the report, Dr. Mannor detailed her findings based upon her personal observations and objective testing. Dr. Mannor performed an orthopedic examination of the Plaintiff's right knee, left knee, cervical spine and lumbar spine, with the use of a handheld goniometer and found no limitation in the Plaintiff's range of motion in relation to any of these areas. Dr. Mannor opined that "examinee presents with a normal orthopedic examination on all objective testing; subjective complaints do not correlate with negative clinical tests results." Dr. Mannor also found that "[t]he orthopedic examination is objectively normal and indicates no findings which would result in orthopedic limitations in use of the body parts examined." Dr. Mannor renders no opinion in relation to the knee surgery having been necessitated by the accident. (See Defendant's Motion, Report of Dr. Mannor, Exhibit D).

Dr. Fitzpatrick, a radiologist, did not examine the Plaintiff but reviewed the MRI of the Plaintiff's right knee and right foot. The right knee MRI was performed on April 26, 2018, about one week after the Plaintiff's accident. Dr. Fitzpatrick stated that as to the right knee "[u]nremarkable knee MRI". Dr.

3

[* 3]

Fitzpatrick also states "[n]o traumatic injury." The right foot MRI was performed on May 2, 2018, about two weeks after the Plaintiff's accident. Dr. Fitzpatrick noted "[n]o acute fracture is noted." Dr. Fitzpatrick then notes "[n]o traumatic injury. Unremarkable right foot radiograph." (See Defendant's Motion, Report of Dr. Fitzpatrick, Exhibit E). No MRI reading for the cervical or lumbar spine was proffered.

Where the Bill of Particulars contains conclusory allegations of a 90/180 claim and the deposition and/or affidavit of Plaintiff does not support, or reflects that there is no such claim, Defendant movant may utilize those factors in support of its motion for summary judgment. *See Master v. Boiakhtchion*, 122 AD3d 589, 590, 996 N.Y.S.2d 116, 117 [2d Dept 2014]; *Kuperberg v. Montalbano*, 72 AD3d 903, 904, 899 N.Y.S.2d 344, 345 [2d Dept 2010]. In the instant proceeding, the Plaintiff represents in the Bill of Particulars that he was incapacitated for four weeks. (See Defendants' Motion, Exhibit B, Paragraphs 12, 13). However, the Plaintiff seemingly contradicts this claim in his deposition when he states that "I was not able to go anywhere for about eight months." (See Defendants' Motion, Exhibit C, Pages 62-64). When asked when he returned to work the Plaintiff stated, "I started to work as a driver since January, I guess or maybe December 25th." When asked if he meant December 25, 2018, the Plaintiff answered "[y]es." (See Defendants' Motion, Exhibit C, Pages 62-64). When asked what his position involves, the Plaintiff states "I'm working as a deliverer for one company." When asked about his then current condition, the Plaintiff states that "I cannot stand and bend, even when I'm washing my hands, I can't stand straight because I have pain in my lower back." (See Defendants' Motion, Exhibit C, Pages 62-68). This discrepancy is sufficient for the Defendant to establish that the Plaintiff did not have a 90/180 category injury. *See Camacho v. Dwelle*, 54 AD3d 706, 863 N.Y.S.2d 754 [2d Dept 2008]. The Court notes that the Plaintiff did not address these inconsistencies in his affidavit in opposition.

Turning to the merits of the motion for summary judgment, the Court is of the opinion that based upon the foregoing submissions, including expert medical testimony, the Defendant has met his initial burden of proof as to the Plaintiff. Although Dr. Mannor did not seemingly review the Plaintiff's prior

4

[* 4]

medical records, this is not determinative, as the examination was sufficient to establish the Defendants' *prima facie* burden. Dr. Mannor performed objective tests showing full range-of-motion and that the Plaintiff's purported injuries had fully resolved. *See Hayes v. Vasilios*, 96 A.D.3d 1010, 1011, 947 N.Y.S.2d 550, 551 [2d Dept 2012]; *see also Staff v. Yshua*, 59 AD3d 614, 874 N.Y.S.2d 180, 181 [2d Dept 2009].

As a result, it becomes incumbent upon the Plaintiff to establish that there are triable issues of fact as to whether the Plaintiff suffered serious injuries, as defined by statute, in order to avoid the dismissal of his action. *See Jackson v United Parcel Serv.*, 204 AD2d 605 [2d Dept 1994]; *Bryan v Brancato*, 213 AD2d 577 [2d Dept 1995]. In this regard, the Plaintiff must submit quantitative objective findings, in addition to opinions as to the significance of the Plaintiff's injuries. *See Oberly v Bangs Ambulance, Inc.*, 96 NY2d 295 [2001]; *Candia v. Omonia Cab Corp.*, 6 AD3d 641, 642, 775 N.Y.S.2d 546, 547 [2d Dept 2004]; *Burnett v Miller*, 255 AD2d 541 [2d Dept 1998]; *Beckett v Conte*, 176 AD2d 774 [2d Dept 1991].

In support of his application, the Plaintiff relies on the affirmed reports of Doctor Richard E. Pearl and Doctor Shahi Mian.[1] Dr. Pearl states in his affirmed report that he conducted knee surgery on the Plaintiff and that "[i]t is my medical opinion that Mr. Hidoyatov's injuries to his right knee as well as his need for right knee surgery are causally related to his accident of 4/21/18 and not due to a pre-existing condition or degeneration." As part of his pre-operative diagnosis, Dr. Pearl found that the Plaintiff suffered from a "[r]ight knee ACL tear and right knee meniscus tear." Dr. Pearl also states that "[o]n June 20, 2018, Mr. Hidoyatov underwent arthroscopy right knee with medial and lateral meniscectomy,

---

[1] The Court notes that the Plaintiff also otherwise relies on documents that have not been considered as part of this Decision. As addressed by the Court in a July 15, 2021 oral argument appearance, the report by Dr. Solomon referred to by the Plaintiff as Exhibit "B" was initially not uploaded to NYSCEF and the Plaintiff's affidavit was initially uploaded twice (documents 36 and 37). The Defendants had objected to this error in their Reply Affirmation (See Affirmation in Reply, Page 5). What is more, the report of Dr. Hadassah Orenstein and Dr. Stephen B Losik are inadmissible as they are not affirmed to be true under the penalties of perjury pursuant to CPLR 2106. See CPLR 2106 and *Parente v. Kang*, 37 AD 3d 687 831 NYS 2d 430 [2007].

5

[* 5]

excision of plica with possible synovectomy, chondroplasty of patella chondral lesion and postoperative injection of right knee with Marcaine by me at New Horizon Surgical Center, LLC." (See Plaintiff's Affirmation in Opposition, Report of Dr. Mian, Exhibit C).

The Plaintiff also relies on the medical report of Doctor Shahi Mian. Dr. Mian conducted an orthopedic medical examination of Plaintiff on June 25, 2020, (more than two years after the accident). In the report, Dr. Mian detailed his findings based upon his personal observations and objective testing. Dr. Mian performed an orthopedic examination of the Plaintiff's cervical spine, thoracic spine, lumbar spine, left hip, right hip, right knee, left and right elbow and the right ankle/foot with the use of a handheld goniometer and found limitations in those areas as part of each examination. As to the cervical spine, Dr. Mian found limited range of motion flexion 25 degrees (45 degrees normal), extension 20 degrees (45 degrees normal), lateral flexion right side 20 degrees (45 degrees normal), left side bending 20 degrees (45 degrees normal), rotation right side 25 degrees (80 degrees normal), left side bending 20 degrees (80 degrees normal). Dr. Mian opined that "[t]he patient's injuries are causally related to accident on 04-21-2018." Dr. Mian further opined that "[i]njury to right knee is permanent." Dr. Mian also found that "[c]onsidering longevity of complaint, positive clinical findings and positive MRI permanency is expected in neck and low back." (See Plaintiff's Affirmation in Opposition, Report of Dr. Mian, Exhibit D).

As a result, the Court finds that in light of the asserted right knee tear and the subsequent surgery, as well as the finding of limitations in relation to the cervical spine and lumbar spine, Plaintiff has raised a material issue of fact in relation to the Plaintiff having sustained a significant limitation of use of a body function or system. See *Squires v. Mumphery*, 36 AD 3d 607, 608, 828 N.Y.S.2d 449, 450 [2d Dept 2007]; *Pollas v. Jackson*, 2 AD3d 700, 700, 769 N.Y.S.2d 796, 796 [2d Dept 2003]; *D'Amato v. Stomboli,* 264 AD2d 800, 801, 695 N.Y.S.2d 579, 580 [2d Dept 1999]. "An expert's qualitative assessment of a plaintiff's condition also may suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or

6

system." *Toure v Avis Rent A Car Systems Inc.*, 98 N.Y.2d 345, 774 N.E.2d 1197 [2002]; *see Dufel v. Green,* 84 N.Y.2d at 798, 622 N.Y.S.2d 900, 647 N.E.2d 105 [1995].

Based on the foregoing, it is hereby ORDERED as follows:

The motion by the Defendants (motion sequence #1) is denied.

The foregoing constitutes the Decision and Order of the Court.

ENTER:

_____
Carl J. Landicino, J.S.C.

7

[* 7]