Aragoncillo v Berk (2025 NY Slip Op 04614)

Aragoncillo v Berk

2025 NY Slip Op 04614

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-02551
 (Index No. 602468/21)

[*1]James Aragoncillo, appellant, 
v
Paul Berk, respondent. Cellino Law LLP, Melville, NY (Joshua B. Sandberg of counsel), for appellant.

Martin, Smith, Murray & Yong, Hauppauge, NY (Giovanna Condello of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Danielle M. Peterson, J.), dated December 29, 2023. The order granted the defendant's motion for summary judgment dismissing the amended complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendant moved for summary judgment dismissing the amended complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated December 29, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
On appeal, the plaintiff does not challenge the Supreme Court's determination that the defendant met his prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., Inc., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the lumbar region of his spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) through the sworn opinions and conclusions of his expert, who, among other things, observed significant range-of-motion limitations during a recent examination of the plaintiff (see Perl v Meher, 18 NY3d 208, 218-219; Zheng v Sun & Son, Inc., 233 AD3d 733; Master v Boiakhtchion, 122 AD3d 589, 590).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the amended complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
IANNACCI, J.P., FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court