■ EDWIN JARAMILLO et al., Appellants, v JUAN LOBO et al., Respondents. [820 NYS2d 608]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Dollard, J.), dated June 20, 2005, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102

(d), and (2) a judgment of the same court entered August 17, 2005, which, upon the order, dismissed the complaint. The notice of appeal from the order dated June 20, 2005, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint insofar as asserted by the plaintiff Edwin Jaramillo; as so modified, the judgment is affirmed, the complaint insofar as asserted by the plaintiff Edwin Jaramillo is reinstated, and the order dated June 20, 2005, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants made a prima facie showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The proof submitted endeavored to show, inter alia, that neither plaintiff sustained a serious injury and that their medical complaints were not causally related to the accident in question. The Supreme Court properly determined that the plaintiff Denise Salazar failed to raise a triable issue of fact as to whether she sustained a serious injury as a result of the subject accident. However, by submitting credible medical proof that the plaintiff Edwin Jaramillo suffered a tear of the meniscus of the left knee causally linked to the subject accident, along with proof indicating that before the accident his left knee was asymptomatic, a triable issue of fact was raised as to whether Jaramillo suffered a tear of his meniscus, and, if so, whether it was traumatically induced by the accident in question. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.