■ GUMTIE SHAMSOODEEN, Appellant, v LEE KIBONG et al., Respondents. [839 NYS2d 765]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered October 2, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied her cross motion for summary judgment on the issue of serious injury.

Ordered that the order is affirmed, with costs.

The present action arises from a two-car motor vehicle accident occurring on the Long Island Expressway on the evening of February 5, 2004. The plaintiff contends, as a threshold issue, that the Supreme Court erred in entertaining the defendants' motion for summary judgment dismissing the complaint since their answer had been stricken. The plaintiff's contention is without merit. Although the Supreme Court did, in fact, issue an order dated May 10, 2006 conditionally striking the defendants' answer if they did not, within a specified time frame, appear for deposition and "respond to the previously served discovery demands," the record fails to indicate that the defendants failed thereafter to comply with the order.

The affirmed medical reports prepared by the defendants' expert orthopedist and neurologist, taken together with the plaintiff's own deposition testimony, established, prima facie, that the plaintiff did not sustain a serious injury (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition to the defendants' showing in this regard, the plaintiff failed to raise a triable issue of fact (see Grossman v Wright, 268 AD2d 79 [2000]). The plaintiff acknowledged at her deposition that approximately one month after the accident, she was able to return to school, take her final examinations, and receive an Associate's degree (see Letellier v Walker, 222 AD2d 658 [1995]). She thus failed to raise a triable of fact as to whether she sustained a medically-determined injury that prevented her from engaging in her usual daily activities for at least 90 of the first 180 days following the accident (see Insurance Law § 5102 [d]). Moreover, the vast majority of medical evidence submitted by the plaintiff was not in proper admissible form, since it was neither affirmed to be true under penalties of perjury nor sworn (see Pagano v Kingsbury, 182 AD2d 268 [1992]). Inasmuch as the mere exis-

tence of bulging or herniated discs is not evidence of serious injury, the affirmations of the plaintiff's radiologists are inadequate, since they fail to establish any physical limitations that resulted from these conditions (*see Yakubov v CG Trans Corp.,* 30 AD3d 509 [2006]). Furthermore, the report affirmed by Dr. Paolo Perrone failed to satisfy the durational requirement with regard to the plaintiff's physical limitations (*see Yakubov v CG Trans Corp., supra*). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of serious injury. Miller, J.P., Mastro, Krausman and Carni, JJ., concur.