■ JOSE CARLOS RODRIGUEZ, Appellant, v VIRGINIA HUERFANO et al., Respondents. [849 NYS2d 275]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 24, 2006, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While riding his bicycle near the intersection of Hilltop Drive and Second Avenue in the Town of Islip, on the evening of March 19, 2003, the plaintiff was struck and knocked to the ground by a motor vehicle owned by the defendant David Garcia and operated by the defendant Virginia Huerfano. Following the plaintiff's commencement of this action to recover damages for the personal injuries sustained, the defendants successfully

moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We affirm.

The defendants established that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) through the submission of the affirmed medical report of their expert orthopedist, who conducted a physical examination of the plaintiff, finding a normal range of motion in his cervical and lumbar regions of the spine and the absence of any orthopedic disability (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Shamsoodeen v Kibong,* 41 AD3d 577 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. The magnetic resonance imaging (hereinafter MRI) report regarding the plaintiff's lumbar region of the spine, upon which the plaintiff's treating chiropractor relied in opposing the motion, was without probative value, since it was not affirmed by the plaintiff's physician (*see Grasso v Angerami,* 79 NY2d 813, 814 [1991]), and was not actually relied upon by the defendants' expert (*see Zarate v McDonald,* 31 AD3d 632, 633 [2006]; *Ayzen v Melendez,* 299 AD2d 381 [2002]). Even if the underlying MRI report were admissible (*see Pommells v Perez,* 4 NY3d 566, 577 n 5 [2005]), the report of the plaintiff's treating chiropractor still failed to provide objective and recent evidence of the extent or degree and duration of the claimed limitation of the plaintiff's lumbar region of the spine (*see Mejia v DeRose,* 35 AD3d 407, 408 [2006]; *Young v Russell,* 19 AD3d 688, 689 [2005]). Therefore, no serious injury was sufficiently established with competent medical evidence to raise a triable issue of fact (*see Iusmen v Konopka,* 38 AD3d 608, 609 [2007]; *Felix v New York City Tr. Auth.,* 32 AD3d 527, 528 [2006]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.