■ JOHN MCINTOSH, Appellant, v DENNIS O'BRIEN et al., Respondents. [893 NYS2d 154]—

The plaintiff's car was struck from behind by a motor vehicle operated by the defendant Anthony Genduso on the eastbound roadway of the Long Island Expressway, in Queens. After joinder of issue, the defendants Dennis O'Brien, Garden State Engine & Equipment, Broadway Neon Sign Corporation, and Broadway National Sign Corporation (hereinafter collectively the O'Brien defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The defendants David Delgado and Summit Restaurant Reps & Sales (hereinafter together the Delgado defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the same ground, and the defendants Anthony Genduso, New York City

Department of Education, and City of New York (hereinafter collectively the municipal defendants) thereafter cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the same ground. In the first order appealed from, the Supreme Court granted the O'Brien defendants' motion in its entirety, granted that branch of the Delgado defendants' motion which was for summary judgment dismissing the cause of action with respect to the 90/180-day category set forth under Insurance Law § 5102 (d) insofar as asserted against them, and denied the municipal defendants' cross motion. In the second order appealed from, the Supreme Court granted a subsequent motion of the municipal defendants, and cross motion of the Delgado defendants, to dismiss the complaint and all cross claims insofar as asserted against them for failure to state a cause of action.

Contrary to the plaintiff's contentions, the motions of the O'Brien defendants and the Delgado defendants for summary judgment were timely made. The plaintiff agreed, pursuant to a stipulation entered into June 7, 2007, that motions for summary judgment could be made no later than August 17, 2007. Both motions were made prior to that date.

The evidence submitted established prima facie that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). At his deposition, the plaintiff acknowledged that he missed less than 90 days of work as a result of the subject motor vehicle accident (*see Morris v Edmond*, 48 AD3d 432 [2008]). Moreover, the affirmed medical reports of the neurologist and orthopedist retained by the O'Brien defendants concluded, based upon objective range-of-motion tests, that the plaintiff had full range of motion in his cervical and lumbar spines, left shoulder, and left knee. In opposition to the motions and cross motion for summary judgment, the plaintiff failed to present any range of motion findings which were contemporaneous with the subject accident (*id.* at 433). The plaintiff also failed to proffer competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (*id.*). Therefore, the evidence submitted by the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]).

This Court has the authority to search the record and award summary judgment to a nonappealing party with respect to an issue that was the subject of the motion before the Supreme

Court (see *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *DiLernia v Khan*, 62 AD3d 644 [2009]). Upon searching the record, we award summary judgment to the Delgado defendants and the municipal defendants dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see CPLR 3212 [b]).

In light of our determination on the appeal from the order dated November 28, 2007, the appeal from the order dated May 21, 2008, has been rendered academic. Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.