■ CECELIA CARBALLO, Appellant, v FERNANDO M. PACHECO et al., Respondents. [924 NYS2d 828]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered April 14, 2010, which granted the separate motions of the defendant Fernando M. Pacheco, and the defendants Christina Cornejo and Maria F. Cornejo, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the motions for summary judgment dismissing the complaint are denied.

The defendants met their prima facie burdens of showing that the plaintiff, who allegedly sustained injuries to the lumbar and cervical regions of her spine and her left shoulder as a result of the subject accident, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]) and, in any event, were not caused by

the subject accident (*see Jilani v Palmer*, 83 AD3d 786 [2011]). The defendants also submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and the plaintiff's left shoulder did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Cantave v Gelle*, 60 AD3d 988 [2009]; *Rodriguez v Huerfano*, 46 AD3d at 795). The defendants also submitted evidence establishing, prima facie, that the plaintiff did not have an "injury or impairment . . . which prevent[ed]" her "from performing substantially all of the material acts which constitute[d]" her "usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]; *see Ranford v Tim's Tree & Lawn Serv., Inc.*, 71 AD3d 973, 974 [2010]).

However, in opposition, the plaintiff, through her medical experts, raised triable issues of fact. Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.