■ ANTONIO LODATO, Respondent, v CAROLYN MAHLER, Appellant. [931 NYS2d 236]—

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that as a result of the subject accident, his left shoulder and the cervical region of his spine sustained certain injuries, and the defendant provided competent medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Perl v Meher*, 74 AD3d 930 [2010]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). The plaintiff also alleged that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d), and the defendant provided evidence establishing, prima facie, that he did not sustain such an injury. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, the defendant's remaining contention need not be reached. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.