JULIET R. TUDOR, Appellant, v PAUL A. YETMAN et al., Respondents. [931 NYS2d 512]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, the cervical region of her spine sustained certain injuries. The defendants provided competent medical evidence establishing, prima facie, inter alia, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]) and, in any event, were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

However, in opposition, the plaintiff provided competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical region of her spine constituted a serious injury under the permanent consequential limitation of

use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]). She also provided competent medical evidence raising a triable issue of fact as to whether those injuries were caused by the subject accident (*cf. Jaramillo v Lobo*, 32 AD3d 417, 418 [2006]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32884(U).]**