■ Maryann McKenna, Appellant, v Louella Williams et al., Respondents. [931 NYS2d 892]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, the cervical and lumbar regions of her spine sustained certain injuries. The defendants provided competent medical evidence establishing, prima facie, inter alia, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). However, in opposition, the plaintiff provided competent medical evidence raising a triable issue of fact as to whether those alleged injuries constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Dixon v Fuller*, 79 AD3d 1094, 1094-1095 [2010]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33056(U).]**