■ UBIRAJARA FRANCO, Appellant, v SUPREME POULTRY, INC., et al., Respondents. [936 NYS2d 915]

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, he sustained certain injuries to his left shoulder. The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's left shoulder did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). In opposition, however, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to his left shoulder constituted a serious injury under the permanent consequential limitation of use category or the significant limitation of use category of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 220 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.