KYOUNG YUN KIM, Appellant, v EMKAY INC. TRUST et al., Respondents. [936 NYS2d 674]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, she sustained certain injuries to the cervical and lumbosacral regions of her spine, her right shoulder, and her knee. The defendants submitted evidence establishing, prima facie, that the alleged injuries to the cervical and lumbosacral regions of the plaintiff's spine, her right shoulder, and knee did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbosacral regions of her spine, and to her right shoulder, constituted serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.

In light of the foregoing determination, the parties' remaining contentions have been rendered academic. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.