■ Linnete Martinez, Appellant, v Yi Zhong Chen et al., Respondents. [937 NYS2d 274]—

The defendant Jasmine Romero failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see* Insurance Law § 5102 [d]; *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]). On her motion for summary judgment, Romero did not address the injuries to the plaintiff's left ankle alleged in the plaintiff's bill of particulars, and did not submit a report from any physician who examined the plaintiff's left ankle (*see Bitterman v Dennis*, 78 AD3d 627 [2010]; *McMillian v Naparano*, 61 AD3d 943 [2009]; *Lopez v Felton*, 60 AD3d 822 [2009]; *O'Neal v Bronopolsky*, 41 AD3d 452 [2007]). Since Romero did not sustain her prima facie burden, the Supreme Court should have denied her motion regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Kharzis v PV Holding Corp.*, 78 AD3d 1122, 1123 [2010]; *Kelly v County of Suffolk*, 62 AD3d 837 [2009]).

In support of his separate motion for summary judgment, the defendant Yi Zhong Chen (hereinafter Chen) sustained his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d at 956-957). Chen made a prima facie showing, through the affirmed reports of his examining orthopedist and neurologist, that the injuries the plaintiff allegedly sustained to the lumbar region of her spine, her left knee, and her left ankle did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see McKenna v Williams*, 89 AD3d 698 [2011]; *Dunbar v Prahovo Taxi, Inc.*, 84 AD3d 862, 863 [2011]; *Estaba v Quow*, 74 AD3d 734 [2010]; *Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (*see Carballo v Pacheco*, 85 AD3d 703 [2011]; *Jilani v Palmer*, 83 AD3d 786, 787 [2011]). However, in opposition, the plaintiff submitted, inter alia, the affirmed report of her treating specialist in physical medicine and rehabilitation, which concluded that she had suffered permanent injuries to the lumbar region of her spine resulting in significant range-of-motion limitations. The plaintiff's submissions were sufficient to raise a triable issue of fact as to whether she sustained a serious injury under the permanent consequen-

tial limitation of use or the significant limitation of use categories of Insurance Law § 5102 (d), and as to whether those injuries were caused by the subject accident (*see Perl v Meher*, 18 NY3d 208 [2011]; *Tudor v Yetman*, 88 AD3d 870 [2011]). Accordingly, the Supreme Court should have also denied Chen's motion for summary judgment dismissing the complaint insofar as asserted against him. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.