ELIZABETH ECHEVARRIA, Respondent, v G&G CLASSIC, INC., et al., Appellants. [937 NYS2d 608]

While we affirm the order appealed from, we do so on a ground different from that relied upon by the Supreme Court. The Supreme Court erred in concluding that the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, the lumbosacral region of her spine sustained certain injuries. Although the Supreme Court correctly determined that the defendants failed to submit competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Scott v Gresio*, 90 AD3d 736, 736 [2011]), the defendants did submit competent medical evidence establishing, prima facie, that those alleged injuries were not caused by the accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbosacral region of her spine were caused by the subject accident (*see Perl v Meher*, 18 NY3d 208, 220-221 [2011]; *Jaramillo v Lobo*, 32 AD3d 417, 418 [2006]). In addition, the plaintiff provided a reasonable explanation for a cessation of her medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]; *Abdelaziz v Fazel*, 78 AD3d 1086 [2010]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.