■ MARICHA PURDIE, Appellant, v NICHOLOUS PERDOMO et al., Respondents. [937 NYS2d 631]

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, the cervical and lumbar regions of her spine sustained certain injuries. The defendants established, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants also established, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine were not caused by the accident (*id.*).

However, in opposition, the plaintiff submitted evidence raising a triable issue of fact as to whether the alleged injuries to the cervical region of her spine constituted a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208 [2011]). The plaintiff also submitted evidence raising a triable issue of fact as to whether those alleged injuries, as well as the alleged injuries to the lumbar region of her spine, were caused by the accident (*id.*; *see Jaramillo v Lobo*, 32 AD3d 417, 418 [2006]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.