■ AUDRA TORRES, Appellant, v HAKAN OZEL et al., Respondents. [938 NYS2d 469]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, the cervical and thoracolumbar regions of her spine, and both of her shoulders, sustained certain injuries. The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the spine and shoulders did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and thoracolumbar regions of her spine, and her shoulders, constituted serious injuries within the meaning of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.