■ ANTONIO FERNANDEZ et al., Appellants, v P.S. VERA-CARRION et al., Respondents. [940 NYS2d 133]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), entered May 11, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Antonio Fernandez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff Antonio Fernandez (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged, inter alia, that as a result of the subject accident, the injured plaintiff sustained certain injuries to the cervical region of his spine and to his right shoulder. The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the injured plaintiff's spine and his right shoulder did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]).

In opposition, the plaintiffs submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical region of the injured plaintiff's spine and his right shoulder constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Furthermore, the plaintiffs also submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical region of the injured plaintiff's spine and to his right shoulder were caused by the subject accident (*id.* at 218-219; *Jaramillo v Lobo*, 32 AD3d 417, 418 [2006]), and provided a reasonable explanation for the cessation of the injured plaintiff's medical treatment (*see Pommells v Perez*, 4 NY3d 566, 574 [2005]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.