■ OSCAR GERENA, Respondent, v HUIYING LIN et al., Appellants. [940 NYS2d 902]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated September 22, 2011, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbosacral region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the accident (*cf. Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendants also submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d at 795).

In opposition, the plaintiff failed to raise a triable issue of

fact. Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.