DANIELLE RAMIREZ, Respondent, v AURELTO MANISCALLO, Appellant. [940 NYS2d 887]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated September 27, 2011, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the accident (*see Jilani v Palmer*, 83 AD3d 786, 787 [2011]). The defendant also submitted evidence establishing, prima facie, that the plaintiff did not sustain a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see McIntosh v O'Brien*, 69 AD3d 585, 587 [2010]).

The plaintiff, who defaulted in opposing the defendant's motion for summary judgment dismissing the complaint, necessarily failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted the defendant's motion. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.