■ DOMENICO DIMEZZA, Respondent, v NANCY J. MATTEO, Appellant. (And a Third-Party Action.) [941 NYS2d 261]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated March 21, 2011, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the plaintiff's spine and to the plaintiff's left shoulder did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]; *Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). The defendant also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see McIntosh v O'Brien*, 69 AD3d 585, 587 [2010]).

In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.