■ LORETTA T. BROUGHAL, Appellant, v RICHARD S. MOSS, Respondent. [941 NYS2d 881]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered April 6, 2011, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) from a judgment of the same court entered April 25, 2011, which, upon the order, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the defendant's motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant established, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (cf. Jilani v Palmer, 83 AD3d 786, 787 [2011]; Gentilella v Board of Educ. of Wantagh Union Free School Dist., 60 AD3d 629, 629-630 [2009]).

However, in opposition, the plaintiff submitted evidence rais-

ing a triable issue of fact as to whether the alleged injuries to the cervical region of her spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). The plaintiff also submitted evidence raising a triable issue of fact as to whether those alleged injuries were caused by the subject accident (*id.* at 218-219; *see Jaramillo v Lobo*, 32 AD3d 417, 418 [2006]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30956(U).]**