■ SHAIMAA SEIFELDIN, Appellant, v FAEK M. BRAICK et al., Respondents. [942 NYS2d 359]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 15, 2011, which granted the motion of the defendants Faek M. Braick and Alice Alhalak, and the separate motion of the defendants Fatma Youssef and Mohammed S. Abdelghani, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Faek M. Braick and Alice Alhalak, and the separate motion of the defendants Fatma Youssef and Mohammed S. Abdelghani, for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants met their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing,

prima facie, that the alleged injuries to the lumbosacral region of the plaintiff's spine, and to the plaintiff's right knee, did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbosacral region of her spine, and to her right knee, constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.