██ PETER H. DAVIS, Appellant, v JOHN G. WILLS, Respondent. [942 NYS2d 797]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated May 6, 2011, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted evidence establishing, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted evidence rais-

ing a triable issue of fact as to whether the alleged injuries to the cervical region of his spine constituted a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.