In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered August 2, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]). The plaintiff alleged that the subject automobile accident caused her to sustain injuries to her left shoulder and the cervical and lumbar regions of her spine. The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiffs left shoulder and cervical and lumbar regions of her spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d). The defendants submitted, inter alia, the affirmed report of their examining orthopedist, who found no limitation in motion upon objective and quantitative range-of-motion testing of the plaintiff’s left shoulder and cervical and lumbar regions of her spine (see Kearse v New York City Tr. Auth., 16 AD3d 45 [2005]).
However, in opposition to the defendants’ prima facie showing, the plaintiff submitted competent evidence raising a triable issue of fact as to whether the alleged injuries to her left shoulder and to the cervical and lumbar regions of her spine consti *724 tuted serious injuries within the meaning of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 215-218 [2011]; Seifeldin v Braick, 94 AD3d 857 [2012]; Broughal v Moss, 94 AD3d 798 [2012]; Torres v Ozel, 92 AD3d 770 [2012]).
Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.