In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated September 26, 2011, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and granted the plaintiffs cross motion for summary judgment on the issue of liability.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants’ motion for summary judgment dismissing the complaint is granted, and the plaintiffs cross motion for summary judgment on the issue of liability is denied.
In support of their motion for summary judgment dismissing the complaint, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants established, prima facie, that the alleged injuries to the cervical and lumbosacral regions of the plaintiffs spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]), and, in any event, were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787 [2011]). The de *994 fendants also established, prima facie, that the alleged injuries to the plaintiff’s right shoulder did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). Finally, the defendants established, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see McIntosh v O’Brien, 69 AD3d 585, 587 [2010]).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the defendants’ motion for summary judgment dismissing the complaint should have been granted. Moreover, since the plaintiff failed to make a prima facie showing of his entitlement to judgment as a matter of law, his cross motion for summary judgment on the issue of liability should have been denied. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.