The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, she sustained injuries to the cervical, thoracic, and lumbar regions of her spine and her right shoulder in addition to sustaining a left pneumothorax requiring surgical intervention. The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical, thoracic, and lumbar regions of the plaintiffs spine and to the plaintiffs right shoulder did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]; Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]), and that the pneumothorax was not causally related to the subject' accident (see Scott v Aponte, 49 AD3d 1131, 1133-1134 [2008]). The defendants also submitted evidence establishing, prima facie, that *655 the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see McIntosh v O’Brien, 69 AD3d 585, 587 [2010]).
However, in opposition, the plaintiff provided competent medical evidence raising triable issues of fact as to whether her alleged injuries constituted serious injuries under the significant limitation of use category of Insurance Law § 5102 (d) and whether the pneumothorax was caused by the subject accident (see Perl v Meher, 18 NY3d 208, 217 [2011]; Tudor v Yetman, 88 AD3d 870, 870-871 [2011]; Dixon v Fuller, 79 AD3d 1094, 1094-1095 [2010]). Accordingly, the Supreme Court properly denied the defendants’ separate motions for summary judgment dismissing the complaint. Dillon, J.E, Balkin, Belen and Austin, JJ., concur.