■ Maryann Derespino, Appellant, v Cynthia Valenti et al., Respondents. [952 NYS2d 471]—

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning

of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbosacral region of the plaintiff's spine, and to the plaintiff's right shoulder, did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]).

However, in opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the lumbosacral region of her spine, and to her right shoulder, constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 215-218 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Roman and Cohen, JJ., concur.