■ Marisol Puello, Appellant, v Marcellus M. Rakowicz, Respondent. [967 NYS2d 84]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 4, 2012, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) a judgment of the same court entered June 7, 2012, which, upon the order, is in favor of the defendant and against the plaintiff dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the defendant's motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant submitted, inter alia, competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine, and to the plaintiff's right wrist, right elbow, and right shoulder, did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]), and that the alleged injuries were not caused by the subject accident.

In opposition, however, the plaintiff submitted evidence raising triable issues of fact as to whether those alleged injuries constituted serious injuries within the meaning of Insurance Law § 5102 (d) and as to whether those injuries were caused by the subject accident (*see Perl v Meher*, 18 NY3d 208, 218-219

[2011]; *Broughal v Moss*, 94 AD3d 798, 798-799 [2012]; *Martinez v Yi Zhong Chen*, 91 AD3d 834, 835-836 [2012]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.