In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated December 7, 2012, as granted that branch of the motion of the defendant Rigoberto Munich which was for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and, in effect, upon searching the record, awarded summary judgment to the defendant Heather Robles dismissing the complaint insofar as asserted against her, and (2) so much of a judgment of the same court entered February 7, 2013, as, upon the order, is in favor of the defendants and against him, dismissing the complaint.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is reversed insofar as appealed from, on the law, the complaint is reinstated, that branch of the motion of the defendant Rigoberto Munich which was for summary judgment dismissing the complaint insofar as asserted against him is denied, the provision of the order which, in ef *867 feet, upon searching the record, awarded summary judgment to the defendant Heather Robles dismissing the complaint insofar as asserted against her is vacated, and the order is otherwise modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the plaintiff, payable by the defendant Rigoberto Munich.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The defendant Rigoberto Munich met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Through the submission of evidence demonstrating that the plaintiff had a normal range of motion in the cervical region of his spine, the defendant Rigoberto Munich established, prima facie, that the plaintiff did not sustain a serious injury to the cervical region of his spine within the meaning of Insurance Law § 5102 (d) (see Rodriguez v Huerfano, 46 AD3d 794, 795 [2007]). The defendant Rigoberto Munich also established, prima facie, that the alleged injuries to the lumbar region of the plaintiff’s spine were not caused by the subject accident (see Broughal v Moss, 94 AD3d 798 [2012]; cf. Jilani v Palmer, 83 AD3d 786, 787 [2011]).
In opposition, the plaintiff raised a triable issue of fact by submitting evidence demonstrating that the plaintiffs range of motion in his cervical spine was significantly limited (see Dietrich v Puff Cab Corp., 63 AD3d 778 [2009]). The plaintiff also submitted evidence raising a triable issue of fact as to whether the alleged injuries to the lumbar region of his spine were caused by the subject accident (see Perl v Meher, 18 NY3d 208, 218-219 [2011]; Broughal v Moss, 94 AD3d 798 [2012]). Accordingly, the Supreme Court erred in granting that branch of the motion of the defendant Rigoberto Munich which was for summary judgment dismissing the complaint insofar as asserted against him, and, in effect, upon searching the record, awarding summary judgment to the defendant Heather Robles dismissing the complaint insofar as asserted against her. Dillon, J.P., Leventhal, Chambers and Miller, JJ., concur.